UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL POPMA, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:21-686 |
| v. | : | (JUDGE MANNION) |
| A POCONO COUNTRY PLACE, INC., d/b/a A POCONO COUNTRY PLACE COMMUNITY; POCONO COUNTRY PLACE PROPERTY; AND POCONO COUNTRY PLACE PROPERTY OWNER'S ASSOCIATION, | : : : : | |
| Defendants | : | |

## MEMORANDUM

Pending before the court is a motion to strike filed by defendant, A Pocono Country Place Property Owners Association ("APCP"). (Doc. 12). Based upon the court's review of the motion and related materials, the motion will be **GRANTED IN PART AND DENIED IN PART**.

On April 13, 2021, the plaintiff filed the instant action alleging he was terminated from his employment in retaliation for refusing to engage in age discrimination and for refusing to commit criminal acts in the way of illegal wiretapping. (Doc. 1). Attached to the plaintiff's complaint were the declarations of two individuals, William Carabello and Mason Moran. (Doc. 1, Exs. A & B). In response to the plaintiff's complaint, the APCP filed the

instant motion to strike. In its motion, the APCP seeks an order striking the following information as immaterial, impertinent, and/or scandalous:

    1. Paragraphs 4-6 of the Declaration of William Carabello, Exhibit A to Plaintiff's Complaint;

    2. Paragraphs 5, 8, and 10 of the Declaration of Mason Moran, Exhibit B to Plaintiff's Complaint;

    3. Paragraphs 16-17 of Plaintiff's Complaint (addressing the Declarations of Carabello and Moran);

    4. Paragraph 15 of Plaintiff's Complaint: *"Upon commencing employment, Plaintiff came to learn that he was hired into an extremely disorganized entity and department, which: (a) lacked training; (b) had unqualified team members; (c) lacked standard operating procedures; and (d) had poor documentation and overall policing practices. In short, Plaintiff was hired into the PSD to oversee a department that was extremely dangerous."*;

    5. The following language from Paragraph 19 of Plaintiff's Complaint: *"Plaintiff came to learn shortly into his tenure that Dunn[1] exhibited no care whatsoever (and reckless disregard) for what was right or wrong, legal or not legal, ethical or not ethical – and it was expected that whatever she said was to be followed regardless of the impact, consequences or legality."*

    6. The following language from Paragraph 22: *"There were numerous instances in which Plaintiff expressed certain things Dunn was doing were unethical or contrary to safe practices. Plaintiff omits such ethics concerns herein . . . ."*;

    7. The following language from Paragraph 39: *"Instead, for the first approximately ½ of Plaintiff's employment he had to*

---

[1] Cathleen Dunn was the Community Manager of the APCP and was responsible for overseeing all aspects of its operations, including various departments such as the Public Safety Department. (Doc. 1, ¶18).

*focus on ensuring all officers knew how to use their weapons , to handle all types of situations, and he was creating procedures (to avoid the greater dangers of harm to the community)*.";

      8. The following language from Paragraph 48: "*with a history of exhibiting a propensity for falsifying reasons for termination*"; and

      9. The following language from Footnote 1: *"(her apparent go-to pretext)"*.

(Doc. 12, emphasis in motion).

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike and provides, in part, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P.12(f). While rulings on motions to strike rest in the sound discretion of the court, *Von Bulow v. Von Bulow*, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. *Ruby v. Davis Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001).

The moving party has the burden to demonstrate that the matter falls within one of the categories listed in Rule 12(f). *In re Ry. Indus. Emp. No-Poach Antitrust Litig.*, 395 F.Supp.3d 464, 496 (W.D. Pa. 2019). "Immaterial" matter is that which "has no essential or important relationship to [any] claim[s] for relief." *Wagner v. Holtzapple*, 101 F.Supp.3d 462, 488 (M.D. Pa. 2015) (citation omitted). "Impertinent" matter consists of "statements that do not pertain, and are not necessary, to the issues in question." *Id*. (citation omitted). And "scandalous" matter is that which "casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court." *Id*. (citation omitted).

In its motion, the APCP summarizes the plaintiff's claims as follows:

> In support of Count I (ADEA retaliation), Plaintiff alleges that he had several conversations with his direct manager, Cathleen Dunn ("Dunn"), between June and August 2020, wherein she directed him to terminate Officer Donald Ernst, a supervisory officer in his 70s at the time. *Id*. at ¶¶ 18, 23-25. Plaintiff alleges that Dunn's rationale for Officer Ernst's termination was solely based on Officer Ernst's age and that he disagreed and objected to this purported discriminatory objective. *Id*. at ¶¶ 26-28. Thereafter, Plaintiff was terminated in January 2021 and he alleges that he was terminated because he objected to age discrimination and that his termination, accordingly, constitutes a violation of the ADEA. *Id*. at ¶¶ 46, 51.
>
> In support of Count II (common law retaliation), Plaintiff alleges only that APCP was engaging in wiretapping violations and that he raised his concerns relating to the illegality of those alleged wiretapping violations between August and December 2020. *Id*. at ¶¶ 31, 34, 41-42, 44. Thereafter, Plaintiff was

>   terminated in January 2021 and alleges that he was terminated for refusing to be involved with, commit, or perpetuate unlawful acts, and that his termination, therefore, was wrongful and in violation of Pennsylvania public policy and common law. *Id*. at ¶¶ 46, 54.

(Doc. 12-1, pp. 2-3).

In its motion, the APCP argues that there are two categories of information included in the plaintiff's complaint and attached declarations that should be stricken. The first relates to the APCP's Public Safety Department being dangerous and untrained. The second relates to Dunn's ethics and past practices. The APCP argues that any language relating to these categories, as outlined in the numbered paragraphs above, should be stricken as immaterial, impertinent and/or scandalous.

With respect to the first category, the APCP argues that the plaintiff makes many references to the Public Safety Department being dangerous and untrained, although these allegations have no bearing on the plaintiff's claims for retaliation. As such, the APCP asks the court to strike the language contained in numbers 1-4 and 7 outlined above, as the language falls directly within the definitions of immaterial, impertinent and scandalous.

Specifically, the APCP argues that none of the referenced portions of the plaintiff's complaint and supporting declarations provide any facts that advance the plaintiff's claims of retaliation related to making complaints of

- 5 -

age discrimination and related to making complaints of illegal wiretapping. In other words, whether the Public Safety Department was dangerous and/or untrained is of no consequence to the purported retaliatory termination of the plaintiff. Moreover, the APCP argues that it is prejudiced by the inclusion of such language because it is responsible for ensuring the safety of the citizens in its community and such allegations could have the effect of casting doubt on its qualifications to do so. Finally, the APCP asserts that the language is scandalous because such allegations made by the plaintiff are repulsive and cast a derogatory light on the APCP and serves no purpose other than to defame and delegitimize the APCP.

     The plaintiff responds that this court has denied motions to strike when the challenged allegations bear relevance to the pleading. He argues that the APCP's protests that "[n]one of the referenced portions of Plaintiff's Complaint and the Declarations attached thereto provide any facts that advance Plaintiff's claims of retaliation related to making complaints of age discrimination and related to making complaints of illegal wiretapping violations ignores the pleading and declarations in complete context. For example, the plaintiff argues that the declarations of Mr. Carabello and Mr. Moran reflect that plaintiff shared concerns about wiretapping with them. The plaintiff argues that the declarations, in context, advance his claims because

they support his allegation that it is more likely than not that he was terminated for unlawful reasons.

Upon review, the court agrees that the information requested to be stricken by APCP regarding the lack of training or dangerousness of members of the Public Safety Department is immaterial and impertinent to the plaintiff's claims of retaliation based on his refusal to engage in age discrimination or illegal wiretapping. Whether or not the members of the Public Safety Department were properly trained or dangerous, as the plaintiff alleges, does not make it more likely that Dunn fired him in retaliation for his refusal to engage in age discrimination or illegal wiretapping. As such, it will be directed that these portions of the complaint and attached declarations be stricken.

As to the second category, the APCP argues that the plaintiff inserts scandalous language about the ethics and past practices of Dunn throughout the complaint, some of which the plaintiff self-identifies as being unrelated to the claims at issue. As such, the APCP asks the court to strike the information contained in numbers 5-6 and 8-9 outlined above. The APCP argues that the language in those materials casts a derogatory light upon Dunn and reflects cruelly upon her moral character. The APCP argues that the plaintiff's suggesting that Dunn has a "go-to pretext," "propensity for

falsifying reasons for termination," "nasty" nature, or history of past practices has no impact on his allegation that his termination was retaliatory. The APCP argues that the language is prejudicial in that it is defamatory, unfounded, and serves no purpose other than to harass and humiliate APCP and Dunn.

The plaintiff responds that the language used against Dunn in the pleadings is factual and appropriate for proceeding with allegations as serious as those set forth in the complaint. He argues that it is not a derogatory personal attack to point out or emphasize facts and/or actions suggesting that Dunn's termination of plaintiff was pretextual. In fact, the plaintiff argues that it is a required element of an employment discrimination case. The plaintiff argues that the allegations in the complaint and the supporting declarations as to this category are relevant to his claims. To the extent the APCP disagrees with the information presented, the plaintiff argues that the proper place to challenge them is at trial.

As to this second category, the court agrees that the plaintiff's allegations with respect to Dunn may very well be material and pertinent to his claims that Dunn retaliated against him for refusing to engage in age discrimination against another individual and for refusing to engage in illegal wiretapping. Further, the court does not find such allegations to be

scandalous. These allegations can be tested as the litigation proceeds. As such, the court will deny APCP's motion on this basis. An appropriate order shall issue.

*S/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 8, 2022**
21-686-01